UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **DIAMOND MCCATTLE CO. LLC, ET AL** | * | **CIVIL ACTION NO. 18-0229** |
| **VERSUS** | * | **JUDGE TERRY A. DOUGHTY** |
| **RANGE LOUISIANA OPERATING LLC** | * | **MAG. JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to remand filed by Plaintiffs Diamond McCattle Co. LLC and BWW Holdings, LLC ("Plaintiffs") [doc. # 35]. For reasons set forth below, it is recommended that the motion be DENIED.

### Background

This tort action originated in state court and was removed to federal court by Defendant Range Louisiana Operating, LLC ("Range") on the basis of diversity jurisdiction, 28 U.S.C. § 1332. (*See* Notice of Removal, [doc. # 1]). On September 12, 2018, Plaintiffs moved for leave to file an amended and restated complaint to add James Browning as a non-diverse defendant. [doc. # 26]. On October 12, 2018, Plaintiffs filed the instant motion to remand this action to the state court for lack of subject matter jurisdiction. [doc. # 35]. Plaintiffs claim that they have a valid cause of action against Browning to support their motion for leave to amend, and remand is necessary because the addition of Browning as a defendant destroys diversity jurisdiction. (*Id.*) Range filed a response on November 5, 2018. [doc. # 37]. Plaintiffs filed a reply on November 13, 2018. [doc. # 38].

In a separate order, the court denied Plaintiffs' motion for leave of court to file an amended and restated complaint. The court must now consider Plaintiffs' motion to remand.

### Discussion

The court previously considered whether a non-diverse party should be added as a defendant based on the factors set forth in *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987) and concluded there was no basis to justify an amended complaint. Thus, the court denied Plaintiffs' motion for leave of court to file an amended and restated complaint to add Browning as a defendant. The denial of Plaintiffs' motion eliminates the basis for Plaintiffs' motion to remand. The parties in this action—Diamond McCattle Co. LLC, BWW Holdings, LLC, and Range Louisiana Operating, LLC—are diverse, and the court continues to have subject matter jurisdiction over this matter. Accordingly, Plaintiffs' motion to remand should be denied.

### Conclusion

Based on the foregoing,

IT IS RECOMMENDED that Plaintiffs' motion to remand [doc. # 35] be DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED**

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 14th day of November 2018.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE