# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **DIAMOND MCCATTLE CO. LLC, ET AL** | **CIVIL ACTION NO. 3:18-CV-00229** |
| **VERSIS** | **JUDGE TERRY A. DOUGHTY** |
| **RANGE LOUISIANA OPERATING LLC** | **MAG. JUDGE KAREN L. HAYES** |

# RULING

On January 12, 2018, Plaintiffs Diamond McCattle Co. LLC and BWW Holdings, LLC ("Plaintiffs") filed a Petition for Judicial Relief from Sub-Surface Trespass in the 2nd Judicial District Court, Jackson Parish, Louisiana, against Defendant Range Louisiana Operating, LLC ("Range") [Doc. No. 1-1]. Plaintiffs allege that Range drilled a well, the "Tri Delta 13-12H Well" (Serial No. 250514), "horizontally under and through Plaintiffs' land without Plaintiffs' knowledge" or consent [*Id*. ¶ 5]. On February 23, 2018, Range removed this matter to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332 [Doc. No. 1].

On September 12, 2018, Plaintiffs moved this Court for leave to file their First Amended and Completely Restated Complaint (hereinafter "the amended complaint"), to add James Browning ("Browning") as an additional defendant [Doc. No. 26]. According to Plaintiffs, Browning was hired by Range to be an on-site drilling supervisor, and Browning, in fact, acted as the on-site drilling supervisor for the drilling of the Tri-Delta 13-12H Well [Doc. No. 26-1, ¶¶ 2,4]. Range filed an opposition on October 3, 2018 [Doc. No. 34].

Plaintiffs have also filed a motion to remand this action to the 2nd Judicial District Court for lack of subject matter jurisdiction [Doc. No. 35]. The motion to remand presupposes the addition of Browning as a non-diverse defendant, which destroys federal jurisdiction. Range

filed an opposition on November 5, 2018 [Doc. No. 37]. Plaintiffs filed a reply on November 13, 2018 [Doc. No. 38].

On November 14, 2018, the Magistrate Judge issued a Memorandum Order denying the Plaintiffs' motion for leave of court to file the amended complaint [Doc. No. 39]. That same date, the Magistrate Judge issued a Report and Recommendation (hereinafter "the Report") recommending that Plaintiffs' motion to remand be denied [Doc. No. 40], explaining that the denial of Plaintiffs' motion for leave of court to file the amended complaint eliminates the basis for their motion to remand.

On November 28, 2018, Plaintiffs filed an appeal of the Magistrate Judge's Memorandum Order denying their motion for leave of court to file the amended complaint and also filed an objection to the Report recommending that their motion to remand be denied [Doc. No. 41].

On December 17, 2018, Range filed a Memorandum in Opposition to the Appeal [Doc. No. 44] and a Response to Plaintiff's Objection to the Report and Recommendation [Doc. No. 45]. Plaintiffs filed a Reply on December 20, 2018 [Doc. No. 46].

Finding that the Memorandum Order denying Plaintiffs' motion for leave to file the amended complaint is clearly erroneous and contrary to the law, the Court GRANTS Plaintiffs' appeal and SETS ASIDE the Magistrate Judge's Memorandum Order. The Court orders that the First Amended and Completely Restated Complaint [Doc. No. 26-1] be FILED. Having conducted a *de novo* review, the Court DECLINES to adopt the Magistrate Judge's Report and Recommendation and GRANTS Plaintiffs' motion to remand [Doc. No. 35].

I. **STANDARD OF REVIEW**

Pursuant to FED. R. CIV. P. 72(a), this Court's review of the Magistrate Judge's

Memorandum Order denying Plaintiffs' motion for leave to file the amended complaint is subject to the clearly erroneous or contrary to law standard:

> (a) Nondispositive Matters. When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings, and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

With respect to the Memorandum Order, pursuant to 28 U.S.C. § 636(b)(1), "[a] judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."

Pursuant to FED. R. CIV. P. 72(b)(3), this Court's review of the Report is *de novo*:

> *(3) Resolving Objections*. The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

With respect to the Report, pursuant to 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a *de novo* determination of those portions of the [magistrate judge's] report [and recommendation] or specified proposed findings or recommendations to which objection is made." Section 636(b)(1) further states "[a] judge of the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *See also Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983).

## II. LAW AND ANALYSIS

### A. *Legal Standard on a Motion to Amend*

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires". The Fifth Circuit has strictly followed this rule, stating that "leave to amend should be granted liberally…." *Robertson v. Plano City of Tex.*, 70 F.3d 21, 22 (5th Cir. 1995). However, when an amendment after removal from state court would destroy subject matter jurisdiction, 28 U.S.C. § 1447(e) applies. *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). Section 1447(e) vests broad discretion in the trial court by expressly providing the following choice: "the court may deny joinder or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).

The Fifth Circuit has held that when considering an amendment that would destroy the jurisdiction of a court, "justice requires that the district court consider a number of factors to balance the defendant's interest in maintaining the federal forum with the competing interest of not having parallel lawsuits." *Hensgens*, 833 F.2d at 1182. Therefore, when determining whether to allow joinder of a party under § 1447(e), a district court examines the following factors: (1) "the extent to which the purpose of the amendment is to defeat federal jurisdiction"; (2) "whether plaintiff has been dilatory in asking for amendment"; (3) "whether plaintiff will be significantly injured if amendment is not allowed"; and (4) "any other factors bearing on the equities." *Id*. The balancing of these interests does not hinge on "a rigid distinction of whether the proposed added party is an indispensable or permissive party." *Id*.

The "fraudulent joinder doctrine," by which a federal court may assert diversity jurisdiction when a non-diverse defendant has been fraudulently joined because there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court, does not apply to joinders that occur after an action is removed to federal court. *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999). Therefore, a

defendant has an opportunity at the time joinder is considered to prevent joinder by arguing that there is no colorable claim against the party the plaintiff is seeking to join. *Id.* at 678.

B. *Legal Standard for Remand*

A defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). A federal court has subject matter jurisdiction over an action "where the matter in controversy exceeds the sum or value of $75,000" and the action "is between citizens of different states." 28 U.S.C. § 1332(a)(1). The removing party bears the burden of demonstrating that federal jurisdiction exists. See *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, and that "removal statute[s] should be strictly construed in favor of remand." *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002). Remand is appropriate if the Court lacks subject matter jurisdiction, and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 85 F.2d 1160, 1164 (5th Cir. 1988)). Moreover, 28 U.S.C. § 1447(c) states: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

C. *The Magistrate Judge's Ruling*

The Magistrate Judge considered the *Hensgens* factors and found that the proposed amendment is primarily for the purpose of defeating federal jurisdiction, that Plaintiffs were dilatory in naming Browning as a defendant, and that Plaintiffs will not be prejudiced by the denial of the amendment. The Magistrate Judge found that the fourth factor, equitable

considerations, was neutral. The Magistrate Judge thus concluded that the motion to amend should be denied.

   D.   *Analysis*

   1.   **Purpose to defeat federal jurisdiction**

Range argues that Plaintiffs' purpose in joining Browning as a defendant following removal of this action is to defeat this Court's diversity jurisdiction. In support of this argument, Range points to an email correspondence from Plaintiffs' counsel requesting documents from Range "to determine whether there is a potential Louisiana defendant which can be added to destroy diversity of citizenship," [Doc. No. 34—1]; Plaintiffs' interrogatories requesting contact information for "each resident of the State of Louisiana" who worked for Range in connection with the well, [Doc. No. 34-2]; and Plaintiffs' motion to stay proceedings, filed on September 17, 2018, whereby they stated they timely initiated "discovery to obtain, among other things, the identity of potential defendants who were citizens of Louisiana," [Doc. No. 30, ¶ 3]. Additionally, Range claims that Plaintiffs' purpose is plainly apparent given that they do not allege any new or additional operative facts in their proposed amended complaint regarding Browning's alleged fault.

Courts look to a number of factors to determine whether the purpose of an amendment is to destroy diversity. For example, courts will ask "whether the plaintiff [] knew or should have known the identity of the non-diverse defendant when the state court complaint was filed." *Schindler v. Charles Schwab & Co.,* No. 05-0082, 2005 WL 1155862, at *3 (E.D. La. May 12, 2005); *see also Penny Realty Inc. v. Sw. Capital Servs., Inc*., No. 08-0473, 2008 WL 2169437, at *2 (W.D. La. May 23, 2008). Although Range has alleged that Plaintiffs were dilatory in seeking amendment, as examined below, it does not appear to allege that Plaintiffs knew or

should have known Browning's identity when the state court complaint was filed. Indeed, as indicated above, Plaintiffs made numerous attempts to obtain this information in discovery. Instead, Range bases the bulk of its opposition to amendment on the grounds that Plaintiffs' counsel has expressed his intent to defeat diversity, and on the grounds that Plaintiffs have not outlined any new allegations of fault against Browning in their proposed amended Complaint.

"[T]he case law indicates that as long as the plaintiff states a valid claim against the new defendant[], the principal purpose of the amendment is not to destroy diversity jurisdiction." *Herzog v. Johns Manville Prods. Corp.*, No. 02-1110, 2002 WL 31556352, at *2 (E.D. La. Nov. 15, 2002); s*ee also Tillman v. CSX Transp. Inc*., 929 F.2d 1023, 1029 (5th Cir. 1991) (upholding a district court decision finding that where the plaintiff had a valid cause of action against a defendant, the principal purpose of the amendment was not to defeat federal jurisdiction); *Porter v. Times Group*, 2016 WL 8257692, at *6 (M.D. La. Nov. 4, 2016).

Range argues that, even if the plaintiff does state a valid claim against the new defendant, the Court can nevertheless still find that the principal purpose of the amendment is to destroy diversity jurisdiction, citing specifically *Floyd v. Wal-Mart Louisiana, LLC*, No. 09-01489, 2010 WL 2710649 (W.D. La. 7/7/10). The Court in *Floyd,* in passing, made the statement "[p]laintiffs rely heavily upon a line of Eastern District of Louisiana cases for the principle that 'as long as the plaintiff states a valid claim against the new defendants, the principal purpose is not to destroy diversity jurisdiction.'" The Court then proceeded to deny the plaintiffs' motion to amend. However, the *Floyd* Court based its denial of the motion to amend, not on a finding that the purpose of the amendment was to destroy diversity jurisdiction (the first factor under the *Hensgens* analysis), but instead based its decision on the third and fourth factors of the *Hensgens* analysis, i.e., that plaintiffs would not be significantly injured if the amendment was not allowed,

and, that there was no suggestion that the first defendant, Wal-Mart, was insolvent or otherwise not capable of paying a judgment.

Additionally, the Magistrate Judge found that Plaintiffs' proposed amended complaint contains no allegations of individual liability against Browning and that Plaintiffs have failed to state a valid claim against Browning. However, a review of the proposed amended Complaint shows that it states the following claims with regard to Browning:

4.

> Plaintiffs are informed and believe, and allege upon information and belief, that Defendant Range employed Defendant James Browning as on on-site drilling supervisor and James Browning, in fact, acted as the on-site drilling supervisor for the drilling of the Tri Delta 13-12H Well (Serial No. 250514).

5.

> Plaintiffs are informed and believe, and allege upon information and belief, that in late October or early November, 2017, ***Defendants*** commenced the drilling of the [well] to test the non-unitized Gray formation in the north half (N ½) of Section 12, Township 16 North, Range 1 West, Jackson Parish, Louisiana, all as will more fully appear by reference to the Department of Conservation Well Information Records, a copy of which is attached hereto as Exhibit "C".

6.

> Plaintiffs are informed and believe, and allege upon information and belief, that ***Defendants*** knowingly and intentionally drilled the [well] horizontally under and through Plaintiffs' land without Plaintiffs knowledge and without having obtained an oil, gas and mineral lease and/or servitude from Plaintiffs or having otherwise obtained Plaintiffs' consent thereto and without Plaintiffs' knowledge.

. . .

9.

> ***Defendants*** acted without probable cause and in "bad faith" in drilling the [well] horizontally under and through Plaintiffs' land as aforesaid and Plaintiffs are entitled to a declaratory judgment recognizing

> Plaintiffs as the owners of the "bore-hole" of the [well], to the extent that the "bore-hole" is located on Plaintiffs' land.
>
> 10.
>
> In addition, Plaintiffs are entitled to recover damages for **Defendants'** sub-surface trespass on Plaintiffs' land as set forth hereinabove.

[Doc. No. 26-1, p. 2-4] (emphasis added).

This Court finds that the above allegations are sufficient to state a cause of action against Browning individually for sub-surface trespass. "A subsurface trespass is defined as [t]he bottoming of a well on the land of another without his consent …[which] results from the drilling of a 'slant' or directional well which may be intentional or inadvertent. Since subsurface trespass is as wrongful as surface trespass, the same liability attaches. . . ." *Nunez v. Wainoco Oil & Gas Co.*, 488 So.2d 955, 958 (La. 1986). "Thus, subsurface trespass, which by definition involves bottoming of a well on the land of another without his consent, and/or invading or intruding upon the subsurface of another's land, has in the jurisprudence generally been accompanied by removal of minerals, with the attendant damages consisting of the value of the extracted minerals." *Id*. at p. 959. "Even though the work may have been done by another, the party supervising and/or directing the work and ordering the trespass is liable." *Bourquard v. L.O. Ausauma Enterprises, Inc*., 52 So. 3d 248, 251 (La. App. 4 Cir. 11/17/10). The allegations that Browning was the on-site drilling supervisor for the drilling of the well at issue are sufficient to assert a cause of action individually against Browning for subsurface trespassing.

Additionally, Range asserts in its Opposition that the Magistrate Judge mistakenly assumed that Browning was an employee of Range, when in fact he was an independent contractor. [Doc. No. 44, p. 15]. That would also suggest that Plaintiffs have an independent cause of action against Browning.

Plaintiffs were not required to name a "fictitious" employee in their original complaint filed in Louisiana state court if they intended to sue a Range employee, as the Magistrate Judge suggested. [Doc. No. 39, p.4] Naming a "fictitious" defendant has no legal effect under Louisiana law. *Hill v. Shell Oil Co.,* 760 So. 2d 511, 513 (La. App. 5 Cir. 4/25/00). Further, 28 U.S.C. § 1441(a) provides that "[f]or purposes of removal …, the citizenship of defendants sued under fictitious names shall be disregarded." Therefore, naming a fictitious employee would not have benefitted Plaintiffs.

Since Plaintiffs have stated a valid cause of action against Browning in their proposed amended complaint, the principal purpose of the amendment is not to destroy diversity. *Herzog*, *supra*; *Tillman*, *supra*; *see also Jackson v. Wal-Mart Stores, Inc.*, No. 03-2184, 2003 WL 22533619, at *2 (E.D. La. Nov. 6, 2003) ("As long as the plaintiff states a valid claim against the new defendants, the principal purpose is not to destroy diversity jurisdiction.").

Therefore, the first *Hensgens* factor weighs in Plaintiffs' favor.

### 2. The dilatory factor

The Magistrate Judge concluded that the timing of Plaintiffs motion to amend suggests that the proposed amendment was designed to defeat diversity, because it was filed more than six months after this case was removed to federal court, after a scheduling order had been entered and a trial date set, and one week after Range filed a motion for summary judgment. [Doc. No. 39, p. 6].

Plaintiffs submit that the removal order was entered on February 27, 2018 [Doc. No. 6]. The Rule 26(f) report was filed on April 13, 2018 [Doc. No. 13]. Rule 26(d)(1) prohibits the parties from seeking discovery from any source before the parties have conferred as required by Rule 26(f). Plaintiffs informed Range and the Court in their response in the Rule 26(f) Report

that they might file a motion to amend to add an additional party and to remand the action to the state court. The Scheduling Order issued on April 18, 2018 [Doc. No. 16]. The deadline of August 30, 2018, for amending the pleadings was later extended to September 30, 2018 [Doc. No. 23]. Plaintiffs served interrogatories and requests for production on Range on July 11, 2018, expressly requesting Range to "identify" its employees, including their residential addresses, who were involved in drilling the well, and their job duties and responsibilities. Range requested an extension until August 27, 2018, which Plaintiffs did not oppose [Doc. No. 20]. Range filed its responses on or about August 27, 2018, but did not provide the addresses of the employees named. Range filed its motion for summary judgment on September 5, 2018 [Doc. No. 24]. Counsel for Plaintiff conducted a Rule 37(a)(1) Conference with Range's counsel on September 6, 2018. Plaintiffs filed their motion to amend to add a non-diverse party on September 12, 2018 [Doc. No. 26].

In light of the foregoing procedural history, the Court does not find that Plaintiffs were dilatory in seeking the instant amendment. Therefore, the second *Hensgens* factor weighs in Plaintiffs' favor.

### 3. Prejudice to Plaintiffs if their motion to amend is denied

The Magistrate Judge agreed with Range's arguments that Plaintiffs would not be significantly injured or prejudiced if amendment is not allowed. Range argues that Plaintiffs would suffer no prejudice because there is nothing to indicate that the already named diverse defendant, Range, would be unable to satisfy a future judgment. However, other courts in this circuit "decline to force [a] plaintiff to pursue only [certain] defendant[s] in this forum when [he] has a potentially viable claim against others, as well." *Lacy v. ABC Ins. Co*., No. 95-3122, 1995 WL 688786, at *3 (E.D. La. Nov. 17, 1995); *see also Porter v. Times Group*, No. 16-121, 2016

WL 8257692, at *6 (M.D. La. Nov. 4, 2016) (Finding the third *Hensgens* factor weighs in favor of the amendment "[b]ecause Plaintiff has alleged that People Magazine, Mr. Helling and Ms. Lang are both individually and jointly liable, People Magazine and its reporters properly belong in the same proceeding").

"Considerations of cost, judicial efficiency, and possible inconsistency of results militate in favor of not requiring Plaintiffs to prosecute two separate claims in two separate forums when both arise from the same set of facts". *Id*.; *see also Joseph v. Fluor Corp*., 513 F. Supp. 2d 664, 670 (E.D. La. 2007).

Another distinction between the *Floyd* case and the instant case is that in *Floyd*, the new defendants were employees of the original defendant, Wal-Mart, and the Court found that, because Wal-Mart was vicariously liable for the negligent actions of its employees, plaintiffs would not be significantly injured if the amendment was not allowed. However, in the instant case, Range contends in its Opposition, that the Magistrate Judge "mistakenly assumed" that Browning was an employee of Range, when in fact he was an independent contractor. [Doc. No. 44, p. 15]. If that is true, then there may be no vicarious liability, and Plaintiffs could be significantly injured if the amendment is not allowed.

Plaintiffs have stated a potentially viable claim against Browning, and they clearly would be prejudiced by having to prosecute their claim against Range in this Court and their claim against Browning in state court. The third *Hensgens* factor weighs in Plaintiff's favor.

4. **Equitable Considerations**

Although Range has filed a motion for summary judgment, proceedings have been stayed pending resolution of this motion to amend, and a trial date is months away. Plaintiffs have set forth the facts they allege to support Browning's personal liability in their petition filed

November 28, 2018, in the Second Judicial District Court for Jackson Parish, Louisiana, Docket No. 35637 [Doc. No. 41-1]. Therefore, this Court agrees with the Magistrate Judge's conclusion that the fourth *Hensgens* factor is neutral.

### E. Weighing of *Hensgens* factors

In sum, this Court concludes that the first three *Hensgens* factors weigh in favor of Plaintiffs, and the fourth factor is neutral. Based on the foregoing, the *Hensgens* factors, when considered in their totality, weigh in favor of allowing the proposed amendment to add Browning as a defendant in this action.

This Court finds that the Magistrate Judge's Memorandum Order denying Plaintiffs' motion for leave to file the amended complaint is clearly erroneous and contrary to the law, and this Court GRANTS Plaintiffs' appeal and SETS ASIDE the Magistrate Judge's Memorandum Order. This Court GRANTS Plaintiffs' Motion to Amend [Doc. No. 26] and orders that the First Amended and Completely Restated Complaint [Doc. No. 26-1] be FILED.

### F. The Report and Recommendation

The Magistrate Judge recommended that Plaintiffs' Motion to Remand be denied solely because the denial of Plaintiffs' motion to amend would eliminate the basis for the motion to remand. [Doc. No. 40, p. 2]. This Court has now granted the Motion to Amend. Diversity jurisdiction will be destroyed upon the entry of Plaintiffs' First Amended and Completely Restated Complaint into the record. This Court therefore DECLINES TO ADOPT the Report and Recommendation, and GRANTS Plaintiffs' Motion to Remand.

## III. CONCLUSION

For the reasons set forth above, this Court finds that the Magistrate Judge's Memorandum Order denying Plaintiffs' motion for leave to file the amended complaint is clearly erroneous and

contrary to the law.  Therefore, this Court **GRANTS** Plaintiffs' appeal and **SETS ASIDE** the Magistrate Judge's Memorandum Order.  The Court orders that the First Amended and Completely Restated Complaint [Doc. No. 26-1] be **FILED**.

The Court **DECLINES** to adopt the Magistrate Judge's Report and Recommendation, and the Plaintiffs' Motion to Remand [Doc. No. 35] is **GRANTED**.  Subsequent to the entry of Plaintiffs' First Amended and Completely Restated Complaint into the record, which will destroy diversity jurisdiction in this action, this Court **REMANDS** this action to the 2nd Judicial District Court, Jackson Parish, Louisiana.

Monroe, Louisiana, this 21st day of December, 2018.

**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**